FILED IN CLERK'S OFFICE
U.S.D.C. Rome

NOV 12 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ROME DIVISION

|  |  |
|---|---|
| JERNARD WELLS AND BON APPETITE BISTRO, INC., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.** |
| v. ) | |
| ) | 4 09-CV- 185 HLM |
| ICEMAKERS, INC. AND KENDELL RAY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, Icemakers, Inc., ("Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, files this Notice of Removal in the action styled *Jernard Wells and Bon Appetite Bistro, Inc. v. Icemakers, Inc. and Kendell Ray,* (hereinafter *"Wells Lawsuit"*), 2009-SU-CV-2153, in the Superior Court of Catoosa County, Georgia, to the United States District Court for the Northern District of Georgia, Rome Division. In support thereof, Defendant states as follows:

## I.    GROUNDS FOR REMOVAL

1.    This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

2.      On July 1, 2009, the Plaintiffs filed suit in the action styled *Jernard Wells and Bon Appetite Bistro, Inc. v. Icemakers, Inc. and Kendell Ray,* 2009-CV-2153, in the Superior Court of Catoosa County, Georgia.

3.      Defendant Icemakers was served with the Summons and Complaint on or about October 20, 2009.

4.      Defendant Ray was served with the Summons and Complaint on or about October 13, 2009. Defendant Ray has properly consented to and joined in this removal within thirty (30) days of service on the first-served Defendant. A true and correct copy of Ray's joinder is attached hereto as Exhibit "A" and incorporated herein by reference.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of service on the first-served Defendant.

6.      Jurisdiction of this action is based upon 28 U.S.C. §§ 1332, 1441, and 1446, as amended. This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction. This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists

between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.    The United States District Court for Northern District of Georgia, Rome Division is the federal judicial district and division embracing the Superior Court of Catoosa County, Georgia, where this action was originally filed. *See* 28 U.S.C. § 81(a)(6). Defendants are therefore entitled to remove this action to this Court.

8.    Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders served upon Defendants, is attached to this notice of removal as Exhibit "B" and incorporated herein by reference.

## II.    DIVERSITY OF CITIZENSHIP

9.    Upon information and belief, at the time of the commencement of this action, and at all times subsequent thereto, Plaintiff Jernard Wells was a resident of Georgia.

10.    Upon information and belief, at the time of the commencement of this action, and at all times subsequent thereto, Plaintiff Bon Appetite Bistro, Inc., was a Georgia corporation with its principal place of business in Georgia.

11.    At the time of the commencement of this action and at all times

3

subsequent thereto, Defendant Icemakers, Inc. was an Alabama corporation with its principal place of business in Alabama.

12.    At the time of the commencement of this action and at all times subsequent thereto, Defendant Kendell Ray was resident of Tennessee.

## III.    AMOUNT IN CONTROVERSY

13.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

14.    The Eleventh Circuit has held that removal standards lend "great weight to plaintiff's assessment of the value of plaintiff's case." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002).  In this case, Plaintiffs seek an award of compensatory damages, attorney's fees and expenses, and punitive damages in the amount of $500,000.  Although Defendant denies that it is liable for the amount set forth in Plaintiffs' Complaint, Defendant is entitled to rely upon Plaintiffs' valuation of this case to establish the amount in controversy required for this Court's subject matter jurisdiction. *See id*. at 1315.

## IV.    CONCLUSION

15.    Because the parties to this action are completely diverse in citizenship, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction over this action by virtue of 28 U.S.C.

4

§ 1332 and 1441.

16.    Defendant has provided Plaintiffs, by and through their counsel of record, with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).  Further Defendant will cause a copy of this Notice of Removal to be timely filed with the Superior Court of Catoosa County, Georgia, where the action was pending.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will take cognizance and jurisdiction of this cause and make any and all orders necessary to affect the removal of this cause from the State Court of Catoosa County, Georgia.

This 12th day of November, 2009.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

Lynn M. Roberson
Georgia State Bar. No. 608047
Attorney for Defendant - Icemakers, Inc.

The Peachtree
1355 Peachtree Street NE, Suite 300
Atlanta, GA 30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199

*and*

Robert R. Baugh, Esq.
Georgia State Bar No. 236905
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Tel:    (205) 930-5307
Fax:    (205) 212-3860

## <u>CERTIFICATE OF FONT & CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing documents were prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C, and that I have served a copy of the foregoing pleading upon all counsel of record, by United States mail, postage prepaid, and properly addressed as follows:

Clifton M. Patty, Jr.
7731 Nashville Street
Suite 201
P.O. Box 727
Ringgold, Georgia 30736

Robert M. Brinson
Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP
P.O. Box 5007
Rome, GA  30162-5007

This 12th day of November, 2009.

Respectfully submitted,

SWIFT, CURRIE, MCGHEE & HIERS, LLP

Lynn M. Roberson
Georgia State Bar. No. 608047
Attorney for Defendant - Icemakers, Inc.

The Peachtree
1355 Peachtree Street NE, Suite 300

Atlanta, GA 30309
Tel:   (404) 874-8800
Fax:   (404) 888-6199

*and*

Robert R. Baugh, Esq.
Georgia State Bar No.  236905
SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205
Tel:   (205) 930-5307
Fax:   (205) 212-3860

8